IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Karen Johannesen, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 10 C 3889 |
| Allied Interstate, Inc., a Minnesota corporation, | ) ) ) ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Karen Johannesen, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection practices violate the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

### PARTIES

3. Plaintiff, Karen Johannesen ("Johannesen"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to BMG Music Service.

4. Defendant, Allied Interstate, Inc., ("Allied"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses

the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Allied was acting as a debt collector as to the debt it attempted to collect from Ms. Johannesen.

5. Defendant Allied is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Allied conducts business in Illinois.

6. Defendant Allied is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Allied acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. On February 25, 2010, Ms. Johannesen filed a Chapter 7 bankruptcy in a matter styled In re Johannesen, No. 10-B-7685 (N.D. Ill. Bankr.).

8. Despite her bankruptcy, on March 3, 2010, Defendant Allied's debt collector, "Shekher" called Ms. Johannesen to demand that she pay Allied $30.77. Due to the fact that she had filed bankruptcy and that the debt collector did not inform her for whom Allied was trying to collect, she asked Allied's debt collector to tell her who the creditor was and/or send her something in writing setting forth the name of the creditor. Ms. Johannesen also told Allied's debt collector, Shekher, that she had just filed bankruptcy and was represented by counsel.

9. In response, Defendant Allied's debt collector, Shekher, got extremely rude and aggressive towards Ms. Johannesen, refused to take her attorney's name and contact information, and refused to take information about the bankruptcy. Instead,

2

Defendant's debt collector, Shekher, began screaming at Ms. Johannesen and yelled at her that he "did not believe" her, "would not fall for your tricks", and kept demanding that she pay the debt at issue. Due to Defendant Allied's debt collector's harassment and abuse, Ms. Johannesen terminated the phone call.

10. All of the collection actions at issue occurred within one year of the date of this Complaint.

11. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692d(2) Of The FDCPA - Harassing And Abusive Telephone Call

12. Plaintiff adopts and realleges ¶¶'s 1-11.

13. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, including "the use of … language, the natural consequence of which is to abuse the hearer . . . ", see 15 U.S.C. § 1692d(2).

14. Defendant engaged in conduct, the natural consequences of which was harassing, oppressive and abusive, in violation of § 1692d(2) of the FDCPA, by yelling at Ms. Johannesen, calling her a liar and by demanding payment of a debt as to which she was represented by counsel and which was subject to a bankruptcy.

15. Defendant Allied's violations of § 1692d(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15

3

U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

18. Defendant Allied knew that Ms. Johannesen was represented by counsel in connection with her debts because she told its collector about her attorney and tried to give the collector his name and contact information. By continuing to demand payment, after being advised that she was represented by counsel, Defendant Allied violated § 1692c(a)(2) of the FDCPA.

19. Defendant Allied's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Karen Johannesen, prays that this Court:

1. Find that Defendant Allied's debt collection actions violate the FDCPA;

2. Enter judgment in favor of Plaintiff Johannesen, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Karen Johannesen, demands trial by jury.

                                                  Karen Johannesen,

                                                  By: <u>David J. Philipps</u>
                                                  One of Plaintiff's Attorneys

Dated: June 22, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

5